# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK O. FRANKLIN, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-CV-00524 REC SMS P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

Plaintiff Patrick O. Franklin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 20, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
4   U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
6   standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7   Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
9   U.S. 411, 421 (1969).  However, "the liberal pleading standard . . . applies only to a plaintiff's
10  factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation
11  of a civil rights complaint may not supply essential elements of the claim that were not initially
12  pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v.
13  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14          B.      Summary of Plaintiff's Complaint

15          In his complaint, plaintiff alleges that G. Steele, a correctional officer at the California
16  Correctional Institution (CCI) in Tehachapi, took plaintiff's cane from him after he could not
17  produce a medical chrono (written documentation) for the cane.[1]  Plaintiff alleges he had a hard time
18  walking without the cane and that his hip hurt.  Plaintiff seeks money damages and alleges violations
19  of the First Amendment, the Eighth Amendment, and the Due Process Clause of the Fourteenth
20  Amendment.  Because only the Eighth Amendment is applicable to plaintiff's allegations, it shall
21  be addressed first.

22          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
23  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452
24  U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an
25  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

---

[1] Plaintiff fails to set forth his claim against Steele in the section of the complaint entitled "Statement of Claim."  Attached to plaintiff's complaint are an inmate appeal and a citizen's complaint.  These documents set forth what appear to be the bases for plaintiff's claim against Steele.

1  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
2  indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett
3  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in
4  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
5  inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may
6  be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"
7  or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d
8  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,
9  1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,
10 the delay must have led to further harm in order for the prisoner to make a claim of deliberate
11 indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.
12 of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

13       "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this
14 standard, the prison official must not only 'be aware of the facts from which the inference could be
15 drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"
16 Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the
17 risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the
18 risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

19       Plaintiff has not alleged any facts that would support a claim that defendant Steele, in
20 confiscating plaintiff's cane when plaintiff could not produce a chrono for the cane, knowingly
21 disregarded "an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.  Accordingly,
22 plaintiff fails to state a claim upon which relief may be granted under section 1983 for violation of
23 the Eighth Amendment.

24       Plaintiff's allegation that defendant Steele's actions also violated his rights to due process
25 and freedom of association is baseless.  There are no facts alleged that support a claim for relief for
26 violation of the Due Process Clause or the First Amendment.

27 ///
28 ///

### C. Conclusion

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is required to submit an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. The eighteen page narrative attached to plaintiff's complaint does not comport with Rule 8(a), as it is needlessly lengthy and comprised of largely irrelevant facts.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   February 27, 2006**              /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE